747 So.2d 456 (1999)
T.D., Appellant,
v.
K.D., Appellee.
No. 99-2650.
District Court of Appeal of Florida, Fourth District.
December 15, 1999.
Gary S. Israel of Gary S. Israel, P.A., West Palm Beach, for appellant.
Richard L. Rosenbaum of Law Offices of Richard L. Rosenbaum, Fort Lauderdale, and August La Rocco of Fixel & La Roco, Hollywood, for appellee.
FARMER, J.
The parties were divorced in 1985 in the circuit court in question. They agreed on shared parental custody but the mother was the primary residential parent and he was given rights to visitation. In 1993 the father was charged with criminally molesting the child, and at the same time dependency proceedings were brought, all in the same circuit court. The judge presiding over the divorce case consolidated it with the dependency case in the juvenile division. Ultimately the criminal charges were dismissed. The dependency case was also dismissed by an order of the juvenile division stating that:
"[the child] is relieved from further supervision of the Department of Health and Rehabilitative Services. The Case *457 is dismissed. Said child shall remain in the custody of her mother."
The dependency case was then closed.
In 1999 the mother filed a motion to suspend the father's right to visitation. The caption of the motion was in the style of the divorce case[1] and bore the case number of that action, namely number 85-22688, as well as the name of the judge now assigned to that case in the family division in Broward County, namely Judge Goldenberg. The motion stated that:
1. In December 1985, the court entered a final judgment of dissolution of marriage.
2. The final judgment incorporated a settlement agreement by the parties in which they agreed to shared parental responsibility with the mother as residential parent, and the father having visitation rights upon 48 hours notice, with the mother being present during the visitation, until the child was 4; at which time the father would then be entitled to regular visitation one weekend monthly and one afternoon weekly without the presence of the mother, as well as certain holidays.
3. The father's visitation had become only sporadic and the child did not want to continue seeing him. When he did exercise visitation, the father would sometimes send a driver and often left the child alone and unattended.
4. In April 1992 the child complained of sexual abuse by the father; and dependency proceedings were commenced then terminated because the child was safe with the mother and the father was no longer exercising his right to see the child.
5. The father was criminally charged with abusing his child, which was dismissed. He was also charged with procuring for prostitution regarding other persons, which remains pending.
6. The previously described events amount to a significant change of circumstances, and the best interests of the child, require a modification of the final judgment of dissolution by terminating shared parental custody and the father's right of visitation.
The motion closes with a prayer that the court temporarily suspend all visitation and award the mother reasonable attorney's fees.
As the father puts it in his brief, "[s]omehow the matter found its way before Hon. Robert A. Rosenberg in the Juvenile Division for the dependency court" at a hearing seven days after this motion was filed. The father objected to the matter being held in the juvenile division ostensibly as a dependency case, pointing out that the motion was for modification and belonged in the family division before the judge now assigned to the dissolution of marriage case. The trial judge announced, however, that he was going to treat the motion as an application to reopen the juvenile court dependency case and that he would maintain the status quo by a no contact order. It is that decision that the father has appealed.
We reverse the assertion of jurisdiction[2] over the modification matter in the closed *458 dependency case. It is beyond any dispute from the clear text of the motion initiating these proceedings that the mother sought a modification of the final judgment of dissolution of marriage with regard to visitation. The word dependency is mentioned, only to describe the history preceding the filing of the motion, and no attempt is madeeven by implicationto reopen the dependency proceedings in the juvenile division of the circuit court. The modification was limited by its plain terms to the dissolution of marriage action only. It was therefore error for the judge presiding over the closed dependency case to assert control over these modification proceedings.
We do affirm, however, that portion of the order that appears to temporarily enjoin the father from having any contact with the minor child of the parties. We say "appears" to enjoin the father because the order lacks specific text to that effect. Instead it merely states that: "A no contact order on the father is in effect." If the intent of the court was to temporarily enjoin the father from having any contact with the child until the modification motion could be heard on the merits, the court should state that precise intention in a written injunction in so many words. See Fla.R.Civ.P. 1.610(c) ("Every injunction shall ... describe in reasonable detail the act or acts restrained without reference to a pleading or another document....") Because in this case, however, the father does not challenge the form and wording of the injunction, only the judge's authority to enter it, we refrain from any attempt on our part for now to affect the substance of the implied temporary restraint on paternal contact with the child until the judge assigned to the dissolution of marriage case can consider the motion for modification.
Meanwhile the matter should be heard at the earliest possible time by the judge assigned to the dissolution of marriage case to enable the mother and father to be heard on this matter plainly affecting the interests of their minor child.
STONE and POLEN, JJ., concur.
NOTES
[1] See § 61.043(1) Fla. Stat. (1997) ("A proceeding for dissolution of marriage or a proceeding under s. 61.09 shall be commenced by filing in the circuit court a petition entitled `In re the marriage of ..., husband, and ..., wife.'"); and Fla.R.Civ.P. 1.100(c)(1) ("Every pleading, motion ... or other paper shall have a caption containing the name of the court, the file number, the name of the first party on each side ... and a designation identifying the party filing it and its nature...."). In this instance, the caption referred to the court for the Seventeenth Circuit, and began with the customary style, "In re the marriage of ...," followed by the names of the parties to the divorce case. The designation on the motion was "Former Wife's Verified Emergency Ex-Parte Motion For Temporary Suspension Of Visitation."
[2] We use the word "jurisdiction" advisedly even though it has different meanings, each with different implications. Ordinarily we use this word to refer to "subject matter" or "personal" jurisdiction. There is a third meaningmore logically designated as "case" jurisdictionwhich involves the power of the court over a particular case that is within its subject matter jurisdiction. Usually when a final judgment is entered, or as here a final order dismissing a case, the court thereupon loses "jurisdiction" over that particular case. It is in this latter sense that we have used the term "jurisdiction" in our decision today.